UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JORGE L. BARRETO,<br>      Plaintiff, | Civil Action No.: |
| -against- | **COMPLAINT** |
| CREDIT COLLECTION SERVICES, INC, | **DEMAND FOR JURY TRIAL** |
|       Defendant(s). | |

-----------------------------------------------------------------X

Plaintiff JORGE L. BARRETO ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, CREDIT COLLECTION SERVICES, INC. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff JORGE L. BARRETO is a resident of the State of New York, residing at 3563 90th Street, Apartment C4, Jackson Heights, New York 11372.

3. Defendant CREDIT COLLECTION SERVICES, INC. is a Massachusetts corporation engaged in the business of debt collection with an office

at 240 Commercial Street, Suite 3A, Boston, MA 02109.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about October 1, 2015 by sending Plaintiff a collection letter.

11. On or about October 5, 2015, Plaintiff sought representation for credit

assistance from S & W Protection and Management, Inc. (hereinafter referred to as "S & W").

12. October 14, 2015, S & W and Plaintiff sent Defendant a limited power of attorney via facsimile to Defendant's fax number (617) 658-5710, which power of attorney was executed by Plaintiff and notarized and which authorized Asset to speak and act on Plaintiff's behalf regarding her account. A copy of Plaintiff's signed and notarized Limited Power of Attorney and fax cover sheet addressed to Defendant is attached hereto as Exhibit "A."

13. On November 5, 2015, Raymond Almonte, an employee of S & W placed a telephone call to Defendant.

14. Mr. Almonte was connected to a representative who spoke her name indistinctly but which sounded like "Mosa Coss."

15. Mr. Almonte identified himself and S & W and his purpose for calling with regard to Plaintiff's account, informing Ms. "Coss" that Plaintiff's power of attorney had been previously forwarded to Defendant.

16. After placing Mr. Almonte on hold, Ms. "Coss" returned to the line and stated that according to Defendant's "notes," Plaintiff's power of attorney was not "valid" because the consumer had to sign it and send it themselves.

17. Mr. Almonte informed Ms. "Coss" that Plaintiff had signed his power of attorney which had been notarized and authorized the document to be sent to Defendant.

18. Ms. "Coss" stated: "I'm just going off what the notes say, that it was

received from a third party so in that reference [sic] it would have to be from the consumer themselves."

19. After confirming that Defendant was claiming that they would not communicate with "a third party" on Plaintiff's behalf, Mr. Almonte concluded the call.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

22. Defendant violated 15 USC §1692 e – preface and e (10) on November 5, 2015 when Defendant's agent, Ms. "Coss," stated to Plaintiff's representative, Mr. Almonte, that a properly signed and notarized power of attorney which had been acknowledged as received and in Defendant's possession could not be honored. Defendant's employee had been trained, instructed and/or sanctioned to deceptively refuse to honor said power of attorney in contravention of N.Y. Gen. Oblig. Law §§ 5-1501 to -1506 of the Uniform Power of Attorney Act - § 5-1504, Acceptance of statutory short form power of attorney, paragraph 1. which states: "No third party located or doing business in this state shall refuse, without reasonable cause, to honor a statutory short form power of attorney properly executed in accordance with section 5-1501B of this title." Further, Defendant's "notes" stating that Plaintiff's power of attorney was not "valid" because it was sent

by "a third party" is erroneous, specious and incongruous. By definition, the purpose of a power of attorney is to permit a third party to conduct business on behalf of the authorizing individual and consumers possess the right to avail themselves of credit assistance with third parties.

23. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

24. The Defendant violated 15 USC §1692 f preface when it unfairly and unconscionably stated that Plaintiff's power of attorney, which would allow him to benefit from the representation of S & W for credit assistance, was not valid when in fact, said power of attorney was valid. Consumers have the right to such representation and Plaintiff provided proper documentation in the form of a Limited Power of Attorney to Defendant to authorize same, yet Defendant stated falsely that said document was not valid. Plaintiff's power of attorney was valid in both the state in which Plaintiff resides and in which Defendant is located.

Plaintiff's resident State of New York states: "Except as otherwise provided in the power of attorney, a photocopy or electronically transmitted copy of an original power of attorney has the same effect as the original. (b) It shall be deemed unreasonable for a third party to refuse to honor a statutory short form power of attorney, including a statutory short form power of attorney which is supplemented by a statutory gifts rider, or a statutory short form power of attorney properly executed in accordance with the laws in effect at the time of its execution, if the only reason for the refusal is any of the following: (1) the power of attorney is not on a

form prescribed by the third party to whom the power of attorney is presented. (2) there has been a lapse of time since the execution of the power of attorney. (3) on the face of the statutory short form power of attorney, there is a lapse of time between the date of acknowledgment of the signature of the principal and the date of acknowledgment of the signature of any agent."

Pursuant to Defendant's business state of Massachusetts, under General Laws of the Commonwealth of Massachusetts, Section 5-502. [Durable Power of Attorney Not Affected By Lapse of Time, Disability or Incapacity.], "All acts done by an attorney in fact pursuant to a durable power of attorney during any period of disability or incapacity of the principal have the same effect and inure to the benefit of and bind the principal and his successors in interest as if the principal were competent and not disabled. Unless the instrument states a time of termination, the power is exercisable notwithstanding the lapse of time since the execution of the instrument." Further under Section 5-506. [Enforcement.], "The attorney in fact under a durable power of attorney is authorized to prosecute legal action for damages in behalf of the principal in the event of an unreasonable refusal of a third party to honor the authority of a valid durable power of attorney."

25. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

 A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

 B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

 C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

 D. For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

 E. A declaration that the Defendant's practices violated the FDCPA;

 F. For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
   December 7, 2015

         Respectfully submitted,

         By: _____
         Edward B. Geller, Esq., P.C. by
         Edward B. Geller, Esq.(EG9763), Of Counsel to
         M. HARVEY REPHEN & ASSOCIATES, P.C.
         15 Landing Way
         Bronx, New York 10464
         Phone: (914)473-6783

         *Attorney for the Plaintiff* JORGE L. BARRETO

To: Credit Collection Services
   The CCS Companies
   Two Wells Avenue
   Newton, MA 02459

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern District of New York

(For Filing Purposes)